IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RAZIEL OFER,
    Plaintiff,

v.

MERRICK B. GARLAND, Attorney General
for UNITED STATES OF AMERICA,
    Defendant,
_____/



FILED BY _____ D.C.
JAN 29 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INITIAL COMPLAINT

Plaintiff, RAZIEL OFER ("Plaintiff" or "Ofer"), a self represented litigant, hereby sues the Defendant, United States if America ("Defendant" or "USA") for compensation and damages. In support of his claims, Ofer states the following:

### JURISDICTION

This case or controversy arises under the laws of the United States and raises a federal question pursuant to Title VI of the Civil Rights Act. Accordingly, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1331. This Court shall also have jurisdiction to hear this matter pursuant to 28 U.S.C. §1343(a)(3) and (4), and 28 U.S.C. §1346(b)(1). The United States has waived Sovereign Immunity in this matter.

### PARTIES TO THIS CASE

Plaintiff Raziel Ofer is sui juris, and is a foreign national domiciled in the United Kingdom and maintains minimum contacts within this district. United States, Defendant,

is a person within the meaning of the law, conducts its business in this district and maintains operations herein.

## SUMMARY OF THE CASE

This matter is a case or controversy where the Plaintiff has suffered a manifest injustice and grave deprivation of his civil rights under the constitution and laws of the United States at the hand of antisemitic conduct of an employee and an agent of the United States which resulted in the loss of property due to the negligence and purposeful commission of a hate crime against the Plaintiff on the basis of his race, ethnicity and religion. The Plaintiff Ofer has suffered losses of his real estate property and incurred damages amounting to $120 Million at the hands of the purposeful negligent and hateful conduct of an employee of the United States and a agent of the United States.

## ALLEGATIONS OF MATERIAL FACT

1. Plaintiff owned and operated several limited liability companies in the state of Florida, within this district, which owned commercial real estate.
2. During the course of operating the real estate, Ofer became subject to litigation in the courts of the state of Florida in which third parties brought claims to enforce liens and other encumbrances against the property.
3. Due to the various litigations that arose against the Plaintiff and the limited liability companies which he owned, 1560/1568 Drexel Avenue, LLC ("Drexel") and 942 Penn RR, LLC ("942 Penn"), the decision was made to file for a petition of reorganization in the Bankruptcy court of the Southern District of Florida.

4. On or about March of 2023 and May of 2023, Ofer caused his companies to file a petition for Chapter 11 reorganization under the bankruptcy code.

5. Prior to the filing of the petition, serval private actors who caused the theft of nearly $40 million in real estate in the state court litigation conspired to cause the appointment of a very specific judge to become appointed to preside over the matters in the bankruptcy court prior to the petitions being filed.

6. It was recorded that Judge Laurel Isicoff would be appointed to the bankruptcy matter months before the filing of the petition and gave rise to a employee of the United States being placed in a position to cause the loss of the property of Ofer.

7. Once appointed, Isicoff caused another person, Barry S. Mukamal, to become appointed to act as trustee of the bankruptcy estate, a agent of the United States.

8. During the course of the proceedings, the employee of the United States and the Agent of the United States conspired together to cause the loss of the property through conduct which was based upon the race, ethnicity and religion of the Plaintiff as he is Jewish.

9. Isicoff was presented with affidavits that two persons who occupied the commercial properties owned by Ofer had heard antisemitic comment in regards to Ofer relating to persons of Jewish origin owned to much of the real estate property in this country.

10. Isicoff was also presented with the voice recording of the private persons discussing her appointment to preside over the bankruptcy matters filed by Ofer.

11. While performing her duties as a employee of the United States, Isicoff ignored this evidence that reflected how she was improperly appointed to the bankruptcy

cases prior to a petition being filed and how Ofer was being targeted in the loss of his properties through antisemitic hateful conduct.

12. Isicoff outright ignored this evidence and even threatened Ofer with criminal conduct for the presentation of the evidence and ordered him not to mention the matters again before the court.

13. Mukamal administered the estate of 942 Penn in such a negligent manner that he, and his legal counsel, extracted will over $1.2 million in legal fees from the estate.

14. Plaintiff is in possession of other email evidence which mentions that Isicoff engaged in discussions where she, herself, acknowledges that antisemitic behavior against Ofer and condones the behavior.

15. Isicoff failed to take any action while performing her duties as a employee of the United States to prevent the antisemitic conduct engaged by others against Ofer, even to the extent of participating in the conduct herself.

16. Due to the knowledge the third party persons stated that Isicoff would be appointed to the bankruptcy cases months before a petition was filed, as captured in a voice recording made prior to the filing of the petitions for bankruptcy, and the subsequent disregard of this fact, it is believed that Isicoff is a party to this conduct.

17. As a employee of the United States who was acting in her official capacity at the time of the conduct, the United States is liable for the antisemitic conduct as a private person would be for its employee and agent.

18. The United States has waived its sovereign immunity in this particular matter and has a policy of enforcing hate crimes which originate in antisemitic behavior as outline in Presidential Executive Order on Combating Anti-Semitism issued Dec. 11, 2019.
19. All conditions precedent have been fulfilled or waived prior to this institution of this action.

## COUNT I – NEGLIENCE

20. Plaintiff re-alleges allegations one through nineteen into this cause of action for negligence.
21. Defendant USA owes a duty of care to Plaintiff for it employee and agent not to take actions which violate his civil rights and engage in conduct which is based upon his race, ethnicity or religion as a person of Jewish origin.
22. This duty of care was not to deprive the Plaintiff of the various protections afforded him under the constitution and laws of the United States.
23. Defendant failed in that duty to protect the Plaintiff from those harms in the antisemitic conduct while performing her official duties as a employee of the United States by allowing the theft of $40 million in real estate, loss of millions more in income and investments in capital improvements along with other damages.
24. After complaint of the antisemitic conduct by private persons involved in the litigation, the Defendant failed to suppress the conduct thereby allowing the losses incurred by the Plaintiff.

25. The breach by the Defendant was the proximate cause of the losses of the Plaintiff and the Plaintiff suffered losses, physical and economic, in the amount of $120 million.

WHEREFORE, Ofer prays for the Defendant to be adjudicated as guilty of the commission of negligent acts, awarded damages, pre and post judgment interest, costs and fees, or any other relief the court deems just and proper.

## COUNT II – CIVIL RIGHTS VIOLATION (CRIME OF HATE)

26. Plaintiff re-alleges allegations one through nineteen into this cause of action for civil rights violation.

27. Defendant USA owes a duty of care to Plaintiff for its employee and agent not to take actions which violate his civil rights and engage in conduct which is based upon his race, ethnicity or religion as a person of Jewish origin.

28. Defendant failed in that duty to protect the Plaintiff from those harms in the antisemitic conduct while performing her official duties as a employee of the United States by allowing the theft of $40 million in real estate, loss of millions more in income and investments in capital improvements along with other damages.

29. After complaint of the antisemitic conduct by private persons involved in the litigation, the Defendant failed to suppress the conduct thereby allowing the losses incurred by the Plaintiff.

30. Defendant, though its employee and agent, while acting in their official capacity as employee and agent, engaged in conduct which deprived the Plaintiff of his real property on the basis of his race, ethnicity and religion.

31. When raising the antisemitic conduct being engaged against him, the Plaintiff suffered suppression of the evidence of the conduct under threat of criminal prosecution from the employee of the Defendant.

32. At the same time, the agent of the Defendant systematically is extracting the value of the bankruptcy estate of 942 Penn to the tune of million for his own benefit, participating in antisemitic behavior.

33. The breach by the Defendant was the proximate cause of the losses of the Plaintiff and the Plaintiff suffered losses, physical and economic, in the amount of $120 million.

WHEREFORE, Ofer prays for the Defendant to be adjudicated as guilty of the commission of civil rights violations, awarded damages, pre and post judgment interest, costs and fees, or any other relief the court deems just and proper.

/s/ _____
Raz Ofer
c/o 3701 De Garmo Lane
Coconut Grove, FL 33133